JUDGE OETKEN **14 CV 9953**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTIA ARROYO,

                         Plaintiff.

— against —

THE CITY OF NEW YORK,
POLICE OFFICER MICHAEL A. VEGA (official and individual capacity),
POLICE OFFICER WANDA PEREZ (official and individual capacity).

                         Defendants.

Civil Action No.

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

RECEIVED DEC 17 2014 U.S.D.C. S.D.N.Y.

---

The Plaintiff, SANTIA ARROYO, by her attorney, Garry Pogil, complaining of the Defendants, THE CITY OF NEW YORK, POLICE OFFICER MICHAEL A. VEGA, and POLICE OFFICER WANDA PEREZ: alleges as follows.

### NATURE OF CLAIMS

1.  The Defendants have violated the Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, Civil Rights Act of 1871, 42 U.S.C. §1983, and the Constitution and laws of the State of New York.

2.  The Plaintiff has suffered and continues to suffer serious and real harm to her mental and physical health, reputation and standing in her community, and has suffered extreme emotional distress. The Defendants' conduct harmed the Plaintiff's character and familial relationships irreparably. The Defendants acted maliciously and with callous disregard of the disastrous effects of their actions.

3. The NYPD's pervasive constitutional violations described herein are directly and proximately caused by policies, practices and/or customs created, implemented and/or ratified by the Defendant City.

## PARTIES

4. The Plaintiff is a paraplegic who resides and has resided at the time of the incident giving rise to this case at 1735 Madison Avenue, Apt #4E, New York, NY 10029 (hereinafter "subject residence").

5. The Defendant, City, is a municipal corporation, organized under the laws of the State of New York, and as such, the City is a "person" under 42 U.S.C. §1983. The Defendant, City, maintains the NYPD. The Defendant, City, is, or at all times relevant to this complaint, was the employer of Defendant Officers.

6. The Defendant, Officer Vega, is employed, and has been employed at all relevant times to this complaint, by the City as a police officer in the NYPD, PSA-5, shield number is 9404.

7. The Defendant, Officer Perez, is employed, and has been employed at all relevant times to this complaint, by the City as a police officer in the NYPD, PSA-5, shield number is 9404.

## BASIS FOR JURISDICTION

8. This Court has jurisdiction under 28 U.S.C. §§1331 and 1343(a)(3) and (4), as this action seeks relief for the violation of the Plaintiff's constitutional and civil rights.

9. Additionally, the Plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), as to all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that such claims form part of the same case or controversy.

## VENUE

10. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1391(b) and (c).

## JURY DEMAND

11. The Plaintiff demands a trial by jury as to all of the claims raised in this complaint.

## FACTUAL ALLEGATIONS

12. The Plaintiff is a paraplegic who resides and has resided at the time of the incident giving rise to this case at 1735 Madison Avenue, Apt #4E, New York, NY 10029.

13. On December 20th, 2011, NYPD Police Officers Michael Vega (Shield #9404) and Wanda Perez (Shield #24314) unlawfully entered the subject residence pursuant to a 911 call of possible elder abuse. The Criminal Court of the City of New York found on January 27, 2014 that such entry was without probable cause, without a warrant, without consent and there was no emergency to justify such entry.

14. On December 20th, 2011, the Defendant Officers did not conduct any investigation before they entered the subject residence.

15. On December 20th, 2011, when Officer Vega and Officer Perez entered the subject residence, the Plaintiff was sitting in her wheelchair in the living room, and the Plaintiff's mother sitting in a back room, doing a crossword puzzle.

16. On December 20th, 2011, the Plaintiff had repeatedly communicated (via writing and hand gestures) to Officer Vega and Officer Perez her desire for them to leave the subject residence; however, irrespective of such, Officer Vega and Officer Perez have remained in the subject premises and arrested the Plaintiff for gun possession — all without the Plaintiff's consent, without probable cause, without a warrant and without there being an emergency. Furthermore, the Plaintiff was handcuffed during such arrest. According to the Plaintiff, she does not own and has never owned a gun.

17. On December 20th, 2011, without probable cause, without any consent, and without any lawful justification, Officer Vega and Officer Perez conducted an unlawful search by going into the Plaintiff's purse.

18. Upon information and belief, the source of such being Criminal Court minutes (dated January 27th, 2014), the only information that Officer Vega and Officer Perez had before entering the subject premises is a radio call stating possible elder abuse. Officer Vega and Officer Perez did not conduct any investigation before entering the subject premises.

19. Upon information and belief, the source of such information being hospital records of Metropolitan Hospital Center, Officer Vega and Officer Perez communicated or caused to be

communicated false information: that the Plaintiff drew a gun at police at home and exhibited aggressive behavior.

20. Upon information and belief, the source of such being the Plaintiff and Metropolitan Hospital records, from December 20 to December 21 of 2014, the Plaintiff was handcuffed at the Metropolitan Hospital Center to her bed for the duration of her stay — approximately seventeen (17) hours. According to the same sources, the Defendant Officers and NYPD knew or should have known that the Plaintiff was a paraplegic, however, irrespective of such, the manner in which the Plaintiff was cuffed is her right hand to a side-rail and feet cuffed to each other.[1] Such manner of restraint effectuated even though the Plaintiff was not a danger to herself, police or others.

21. The criminal matter against the Plaintiff was disposed in favor of the Plaintiff pursuant to the bench-trial, fact-finding hearing held on January 27th, 2014, where the Defendants had an opportunity to participate and did participate, under Docket #2011NY091961 (hereinafter "Hearing Transcript"). Upon information and belief, the source of such being the Plaintiff, before such dismissal, the Plaintiff had to attend numerous court appointments in connection with such incident from 2011 to 2014. Upon information and belief, the Defendants have not appealed the above-described disposition.

---

[1] According to the Metropolitan Hospital records, the Plaintiff was transferred to Elmhurst Hospital, accompanied by NYPD. Furthermore, according to the Plaintiff, for a continuous period of about a year she was also transferred to Mount Sinai, Beth Israel and Queens Hospitals. Therefore, more discovery will be necessary to get a thorough timeframe of additional confinement/custody and the manner of such confinement while at these facilities.